**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

v.

Martez Lamont Williams,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 09-26 ADM/JSM
Civil No. 12-1714 ADM

_____

Carol M. Kayser, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Martez Lamont Williams, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Martez Lamont Williams' ("Williams") 28 U.S.C. § 2255 Pro Se Motion to Vacate, Set Aside, or Correct Sentence [Criminal Docket No. 81[1]] ("Section 2255 Motion"). For the reasons below, Williams' motion is denied.

## II. BACKGROUND

On April 16, 2009, after a two day trial, a jury found Martez Lamont Williams guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) [Docket No. 45]. On August 12, 2009, the Court sentenced Williams to a 247 month term of imprisonment [Docket No. 63].

---

[1] All docket numbers refer to the docket in the criminal case only; documents for both the civil and criminal cases have been added to the criminal docket alone.

Williams was represented by counsel in a direct appeal of his conviction. On February 25, 2011, the Eighth Circuit Court of Appeals affirmed Williams' conviction. United States v. Williams, 413 Fed. Appx. 938, 942 (8th Cir. 2011). On October 3, 2011, the United States Supreme Court denied Williams' petition for writ of certiorari. Williams v. United States, 132 S. Ct. 173 (2011).

Williams now brings a Section 2255 Motion, alleging four claims for relief: 1) ineffective assistance of counsel at trial; 2) his appeal to the Eighth Circuit was denied because the judges misread the transcripts and based their decision on unclear and incorrect information; 3) prosecutorial misconduct was evidenced by the prosecution of the charges in federal rather than state court; and 4) the sentencing guideline range was improper because Williams criminal history points were calculated incorrectly.

The Government responded to Williams' Section 2255 Motion on August 15, 2012. Gov't's Resp. [Docket No. 84]. Williams requested an extension of time to file a reply to the Government's arguments and the Court granted Williams' request, requiring he file his reply on or before December 28, 2012 [Docket No. 87]. In November, 2012, Williams filed a Motion to Amend Petitioner's Original 2255 Motion [Docket No. 89] to include a fifth claim of relief: 5) that the trial court prevented him from confronting two witnesses. The next day, he also filed a Pro Se Motion of Discovery [Docket No. 90] in support of his Motion to Amend. On December 13, 2012, Williams submitted his Reply [Docket No. 91] to the Government's Response. In January, Williams filed arguments to bolster his fifth claim.[2]

---

[2] The Government responded and does not argue waiver. See Gov't's Supplemental Resp. to § 2255 Mot. [Docket No. 94]. The Court proceeds to the merits of Williams' motions.

## III. DISCUSSION

28 U.S.C. § 2255 provides a prisoner in federal custody a limited opportunity to collaterally attack the constitutionality or legality of his sentence. Relief under Section 2255 is reserved for when "the kind of violation alleged demonstrates either 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Poor Thunder v. United States, 810 F.2d 817, 822 (8th Cir. 1987) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

### A. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, Williams must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Courts apply a strong presumption that counsel has provided adequate assistance and used reasonable professional judgment. Id. at 689. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

An accused's constitutional right to the assistance of counsel includes the related right to waive counsel and to conduct his own defense. United States v. Mentzos, 462 F.3d 830, 838 (8th Cir. 2006) (citing Faretta v. California, 422 U.S. 806, 835 (1975)). The accused does not have the right to a "hybrid representation," nor does he have the right to "choreograph special appearances by counsel." United States v. Einfeldt, 138 F.3d 373, 378 (8th Cir. 1998).

3

The Court appointed William Orth as Williams' counsel on February 10, 2009, in an order following the withdrawal of Williams' first attorney. Order Granting Withdrawal of Att'y [Docket No. 14]. On April 14, 2009, the case proceeded to trial. After the Government's second witness finished testifying, Williams moved to appear pro se. Following a Faretta hearing, the Court granted Williams' motion and ordered Orth to act as stand-by counsel during the trial. See Faretta, 422 U.S. at 835 (1975) ("[I]n order to represent himself, the accused must knowingly and intelligently forgo [the right to counsel.]")(internal quotations and citations omitted). The Eighth Circuit, on direct appeal, confirmed that Williams was not forced to represent himself and that he knowingly, voluntarily, and intelligently waived his right to counsel. Williams, 413 Fed. Appx. at 942. In fact, Williams was permitted to give a second opening statement and to re-examine the Government's first two witnesses. Thus, Williams, who exercised his right to appear pro se, cannot object "that the quality of his own defense amounted to denial of effective assistance of counsel." Faretta, 422 U.S. at 834. To the extent that Williams' claims rely on events that happened during his trial, Williams cannot claim ineffective assistance of counsel.

**1. Motion to Suppress**

Williams first claims his warrantless arrest was illegal. The illegal arrest, Williams claims, invalidates the subsequent seizure of firearm evidence at the scene of his arrest. Therefore, Williams claims that Orth's failure to file a motion to suppress the firearm evidence was ineffective assistance of counsel. Where an accused's Fourth Amendment claim lacks merit, defense counsel cannot be held ineffective for failing to raise the issue. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (defendant must prove his Fourth Amendment claim is meritorious). A warrantless arrest is justified under the Fourth Amendment where it is supported

by probable cause.  Devenpeck v. Alford, 543 U.S. 146, 152 (2004).  And probable cause exists when, "considering all the circumstances, police have trustworthy information that would lead a prudent person to believe that the suspect had committed or was committing a crime."  United States v. Parish, 606 F.3d 480, 486 (8th Cir. 2010).

Police in this case responded to a 9-1-1 call, which reported gun shots fired at a boarding house.  Upon arrival, police also heard shots fired and found Williams in the entry of the boarding house.  Two police officers reported seeing Williams holding a gun.  Williams has not produced evidence that the police acted unreasonably in Williams' warrantless arrest; thus, counsel's refusal to file a motion to suppress evidence of the gun will not support a claim of ineffective assistance of counsel.

**2.  Plea Offer**

Williams claims Orth failed to communicate a Government "plea agreement of 15 years." Section 2255 Motion Ex. A.  Under the first prong of Strickland, the Sixth Amendment right to effective assistance of counsel extends to the consideration of plea offers and, as a general rule, defense counsel has the duty to communicate formal prosecution offers.  Missouri v. Frye, 132 S.Ct. 1399, 1407-08 (2012).  If counsel fails to convey a plea deal, "the question then becomes what, if any, prejudice resulted from the breach of duty" under the second prong of Strickland. Id. at 1409.

The Government claims it never conveyed a plea offer to Orth or Williams.  But even if Williams had a plea offer, he cannot prove prejudice because he continues to maintain his innocence and cannot demonstrate he would have accepted the plea agreement.  To show prejudice from the ineffective assistance of counsel where a plea offer has lapsed or been

5

rejected because of counsel's deficient performance, Williams must demonstrate a reasonable probability that he would have accepted the plea offer had he been afforded effective assistance. Id. at 1410. Given Williams' repeated protestations of innocence, including in his Section 2255 Motion Reply at *27-28, there is no evidence that Williams would have accepted a plea agreement. Therefore, Williams cannot show prejudice as required by Strickland, 466 U.S. at 694.

### 3. Ineffectiveness of Appellate Counsel

Williams claims his appellate attorney, Leon Trawick, refused to raise a valid question of prosecutorial misconduct at the Eighth Circuit hearing on Williams' direct appeal. But, claims are procedurally defaulted if they could have been raised on direct appeal. A petitioner cannot raise such an issue "for the first time in a collateral Section 2255 action absent a showing of cause and actual prejudice, or a showing of actual innocence." United States v. Lefkowitz, 289 F. Supp. 2d 1076, 1080-81 (D. Minn. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Trawick filed Williams' direct appeal, but Williams also filed a supplemental pro se brief, raising a number of issues on his own. The Eighth Circuit does not typically accept pro se briefs when an appellant is represented by counsel, but in this case, acknowledging that Williams represented himself at trial, the Eighth Circuit addressed the merits of his arguments. See Williams, 413 Fed. Appx. At 941. Since the Eighth Circuit addressed Williams' pro se claims on direct appeal, he cannot now object that his appellate counsel failed to raise an issue that he could have raised himself. Williams is procedurally barred from raising prosecutorial misconduct because he could have raised the issue on his direct appeal.

6

If Williams' claim of prosecutorial misconduct were not barred, Williams' claim still fails to show prejudice affecting his trial. Williams claims he was first charged with felony in possession of a firearm by the "Hennepin County States Attorney's Office." Williams alleges his case was transferred to a federal court because he turned down the County Attorney's plea offer of 60 months. Williams frames the issue as government retaliation against him for exercising his right to turn down a plea agreement and for forcing the Government to proceed to trial. See United States v. Pemberton, 121 F.3d 1157, 1165 (8th Cir. 1997). But, even assuming the County Attorney did act improperly, Williams has not shown the County Attorney's motivations can be attributed to federal prosecutors. The Eighth Circuit has "repeatedly stated that a defendant may be subject to a harsher sentence in federal court than the sentence he would receive in state court on charges based on the same conduct without implicating his due-process rights." United States v. Leathers, 354 F.3d 955, 962 (8th Cir. 2004). Williams' third claim fails on the merits.

**4. Sentencing Guidelines**

Williams' fourth claim is procedurally barred for the same reasons as his third. Williams alleges his "appellant attorney would not raise the issue" that Williams' sentencing guideline range was an incorrect calculation of his criminal history points. Williams claims he received criminal history points for sentences completed more than 15 years before the current offense. Section 2255 Motion at *8. Williams is procedurally barred from challenging a sentencing guideline calculation because he could have raised the issue on direct appeal.

Even if Williams' fourth claim is not procedurally barred, as with the motion to suppress, assistance of counsel cannot be deemed ineffective if the issue raised lacks merit. Williams

cannot show prejudice without a meritorious claim. In this case, designation as an Armed Career Criminal under 18 U.S.C. § 924(e)(1) does not have a statute of limitations on what prior convictions are considered. United States v. Rodriguez, 612 F.3d 1049, 1056 (8th Cir. 2010). Consideration of crimes older than 15 years is within the discretion of the Court; therefore, Williams' claim of sentencing guideline calculation error is unavailing.

**B. Eighth Circuit Review**

Williams' second claim for relief alleges the Eighth Circuit "misread the case facts and errantly accredited the testimony" of various witnesses. This claim simply places a new spin on the same sufficiency of the evidence arguments Williams made to the Eighth Circuit on direct appeal. United States v. Williams, 413 Fed. Appx. at 941-42. Williams is precluded from re-litigating claims rejected on direct appeal. See Davis v. United States, 673 F.3d 849, 852 (8th Cir. 2012) (claims that are raised and decided on direct appeal cannot be relitigated on a subsequent motion to vacate); Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011). It is for the jury to weigh witness credibility, and the jury must unanimously determine guilt beyond a reasonable doubt; the Eighth Circuit reverses a conviction only if no reasonable jury could have found the defendant guilty. Williams, 413 Fed. Appx. at 941. Williams urges the Court to reexamine the evidence de novo, make its own findings of fact, and overrule the jury's conviction. But Section 2255 is reserved for correcting "fundamental defect[s] which inherently result[] in a complete miscarriage of justice," not for re-weighing the evidence. Poor Thunder, 810 F.2d at 822.

**C. Chain of Custody**

Finally, Williams believes he has a constitutional right to confront two individuals that the Government did not produce at trial. Williams complains that the scientist who received Williams' DNA evidence at the Minnesota Bureau of Apprehension crime lab and the officer who transported the evidence to the lab did not testify to their roles in the evidence's chain of custody. Because Williams represented himself at trial, he had the responsibility to call witnesses or object if he believed the government did not lay a proper foundation for the admission of its evidence. Again, Williams, who exercised his right to litigate his case pro se, cannot object "that the quality of his own defense amounted to denial of effective assistance of counsel." Faretta, 422 U.S. at 834. Further, Williams cannot raise an issue like this one that could have been raised on direct appeal.

**D. Additional Motions Before the Court**

Williams filed several documents that he labeled and styled as Motions. His Motion to Amend Petitioner's Original 2255 Motion [Docket No. 89] ("Motion to Amend") to include a fifth claim of relief has been addressed as part of his Section 2255 Motion. Williams also filed his Pro Se Motion of Discovery [Docket No. 90] in support of his Motion to Amend. This discovery motion is rendered moot by the denial of Williams' fifth claim. Williams' Pro Se Motion to Amend Under Federal Rule 15.1 [Docket No. 92] is mislabeled, as it is actually a memorandum in support of his fifth claim for relief. And Williams' Second Pro Se Motion [Docket No. 93] is simply a second copy of his Motion to Amend Under Federal Rule 15.1.

A Section 2255 motion can be dismissed without a hearing if: (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief; or (2) the allegations

9

cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998); Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). As the record provides all the facts necessary to determine the merits of Williams' claims, there is no need for an evidentiary hearing in this case.

## IV. CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds there are no debatable issues presented and therefore declines to grant Williams a certificate of appealability.

## V. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Martez Lamont Williams' 28 U.S.C. § 2255 Motion [Docket No. 81] is **DENIED**;

2. Defendant's Motion to Amend Petitioner's Original 2255 Motion [Docket No. 89] is **DENIED**;

3. Defendant's Discovery Motion [Docket No. 90] is **DENIED**;

4. Defendant's Pro Se Motion to Amend Under Federal Rule 15.1 [Docket No. 92] is **DENIED**;

5. Defendant's Second Pro Se Motion [Docket No. 93] is **DENIED**; and,

6. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 15, 2013.